IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELMER STEWART RHODES, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-02924-E (BT) |
| | § | |
| USA TODAY, et al., | § | |
| | § | |
| Defendants. | § | |

## **<u>ORDER OF TRANSFER</u>**

Pending before the Court is a complaint filed by *pro se* plaintiff Elmer Stewart Rhodes, III against USA Today, Gannett Co. Inc., Will Carless, and Tasha Adams. *See generally* Compl. (ECF No. 3). To date, Rhodes has neither paid the filing fee nor moved to proceed *in forma pauperis*. Rhodes alleges that Defendants published false information about him as part of a "gratuitous attack." *See* Compl. ¶¶ 25–97. As such, Rhodes sets forth claims for defamation, intentional infliction of emotional distress, and civil conspiracy. *Id.* ¶¶ 98–117.

Title 28 U.S.C. § 1391 provides that venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" and "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(1), (2). Neither of these circumstances suggest that venue is proper in the Northern District of Texas.

Rhodes does not allege that any Defendant resides here or that any part of the events or omissions giving rise to Rhodes's claim occurred here—as relevant to § 1391(1) and (2). Rather, Rhodes claims that venue is proper in this Court because he "is a long-time resident of Texas in this District." Compl. ¶ 6. But Rhodes lives in Melissa, Texas, Collin County, which sits in the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). Rhodes does not otherwise plead any facts involving the Northern District of Texas.

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court *sua sponte*.") (collecting cases).

Here, the events described by Rhodes allegedly occurred in Melissa, in Collin County, within the Sherman Division of the Eastern District of Texas, *see* 28 U.S.C. § 124(c)(3). Accordingly, the Court concludes that this action should be and is hereby **TRANSFERRED** to the Sherman Division of the Eastern District of Texas.

2

**SO ORDERED.**

October 30, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE